**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LISA WINIECKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PORTFOLIO RECOVERY | ) |
| ASSOCIATES, LLC | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1.      Plaintiff Lisa Winiecki brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Portfolio Recovery Associates, LLC. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and state law.

2.      The TCPA restricts the use of automated equipment to dial cellular telephones.

**VENUE AND JURISDICTION**

3.      This Court has jurisdiction under 28  U.S.C. §§1331, 1337.

4.      Venue and personal jurisdiction in this District are proper because:

        a.      Defendant's collection communications were received by plaintiff within this District.

        b.      Defendant transacts business within this District.

**PARTIES**

5.      Plaintiff Lisa Winiecki is an individual who resides in the Northern District of Illinois.

1

6.      Defendant Portfolio Recovery Associates, LLC is a Delaware corporation. It does business in Illinois.  Its registered agent and office are Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703.

7.      Portfolio Recovery Associates, LLC  is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

## FACTS

8.      In 2007, plaintiff's husband opened an account for cell phone service with Verizon.

9.      Plaintiff, her daughter, and her 11 year old son were added to the Verizon account, each receiving a cell phone and a different telephone number.

10.      Subsequently, plaintiff's cell phone broke and she began using her son's phone and telephone number. The telephone number ended in 3258.

11.      At no time did plaintiff provide the number ending is 3258 to defendant.

12.      In 2014 and 2015, defendant began calling the telephone number ending in 3258 to collect an alleged debt. Some but not all of the calls to plaintiff were on the following dates: January 9, 2014, March 27, 2014, April 11, 2014, April 14, 2014, April 16, 2014, April 18, 2014, April 24, 2014, April 29, 2014, May 1, 2014, May 5, 2014, May 7, 2014, May 9, 2014, May 13, 2014, May 15, 2014, May 23, 2014, May 25, 2014, May 31, 2014, June 7, 2014, June 11, 2014, June 25, 2014, June 28, 2014, June 30, 2014, July 3, 2014, July 10, 2014, July 13, 2014, July 14, 2014, July 19, 2014, July 24, 2014, September 23, 204 and October 1, 2014.

13.      Defendant called plaintiff to collect on a Chase credit card. Plaintiff denies having the Chase account defendant is seeking to collect.

14.      On information and belief, the calls were placed using predictive dialers. Predictive

2

dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

15.     Plaintiff did not authorize defendant to make automated calls to the cell phone number ending in 3258.

16.     Plaintiff did not furnish her cell phone number to defendant or the original creditor.

17.     Plaintiff is entitled to statutory damages.

18.     Defendant violated the TCPA even if its actions were only negligent.

19.     Defendant should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

20.     Plaintiff incorporates paragraphs 1-19.

21.     The TCPA, 47 U.S.C. §227, provides:

**§ 227.  Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

**(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

22.     The TCPA,  47 U.S.C. §227(b)(3), further  provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

23.  Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against the defendant for:

(1)  Statutory damages;

(2)  An injunction against further violations;

(3)  Costs of suit;

(4)   Such other or further relief as the Court deems just and proper.

## COUNT II  – CONSUMER FRAUD ACT

24.  Plaintiff incorporates paragraphs 1-19.

25.  Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making telephone calls to plaintiff's personal cell phone without her consent.

4

26.     Defendant's conduct is contrary to public policy, as set forth in the TCPA.

27.     Plaintiff suffered damages as a direct result of receipt of the calls.

28.     Defendant engaged in such conduct in the course of trade and commerce.

29.     Defendant should be enjoined from committing similar violations in the future.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Attorney's fees, litigation expenses and costs of suit;

(d)     Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A.Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)